HERNAIZ, TARGA & CO., ETC., Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 971. Submitted February 25, 1936.—Decided February 28, 1936.

*Carlos J. Teissonnière* for appellant. The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The question involved herein is whether or not certain provisions of Act No. 12 of August 29, 1923 (Sess. Laws, (2) p. 36), as amended in 1924 (Sess. Laws, p. 108), are applicable to the facts of the case, said provisions reading as follows:

"On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

"(a) Mentions of mortgages, or of deferred payments of the price of purchase and sale of real property, whether recorded in the old or new books of the registry, where more than twenty years have elapsed since the respective mention was made and when the interested party has not requested the entry of the mentioned right within the term of one year from August 29, 1923, or has not brought suit to claim his right and entered such suit in the registry."

Relying on the above-quoted provisions, the firm of Hernaiz, Targa & Co., in liquidation, which is the present owner of a certain property recorded in the Registry of Property of Ponce, applied for the cancellation of certain mentions made in connection therewith; but the registrar denied the application on the ground that those provisions were inapplicable in the matter. Whereupon the present appeal was taken.

From the papers sent up it appears that on June 21, 1906, the sale of the said property, made by Miguel Rosich to José Zambrana for the $2,800 which the purchaser bound himself to pay in annual instalments of $400 each, was recorded in the registry.

The record just mentioned is designated with number 9 of said property. By record number 10, the sale made by José Zambrana to Manuel Rodríguez for $100 was recorded, it being stated therein that the purchaser acknowledged and assumed the liens on the property in favor of the Heirs of Rosich, binding himself to pay to said heirs the annual instalments of $400 provided for in the deed of sale of Rosich to

Zambrana. The transfer was made by deed of March 21, 1907, which was not presented for record in the registry until April 20, 1923.

On the margin of record number 10 the payment of the 1907 instalment is entered and then, in a separate note, it is stated that Rodríguez had paid to the Heirs of Rosich $2,100 on account of the deferred payment of the purchase price, as appears from the deed of partial cancellation executed in March 1913.

In the same year, 1923, a deed of cancellation of the balance of the deferred payments, executed by Miguel Morell as attorney in fact of the minors Rosich, was presented in the registry to evidence the record of the payment of the last three hundred dollars, but the registrar refused to make the record because it had not been legally shown that Morell was such attorney in fact.

The interested party failed to request the record of the said right within the term of one year from August 29, 1923, or thereafter, nor did it claim during that time or subsequently any such right, or make an entry of such claim in the registry.

It was on December 13, 1935, that Hernaiz, Targa & Co., in liquidation, wrote to the registrar requesting the cancellation of the mention of the deferred purchase price made on June 21, 1906; the mentions of mortgage and of the payment of $300 made on May 5, 1923. The registrar denied the request because the cancellation of the record entry of $2,500 as part payment of the deferred purchase price amounting to $2,800, already appeared from the registry, and because, as regards the balance of $300, its cancellation had been ordered by the District Court of Ponce in its judgment of April 25, 1913, and had been refused in 1923.

In his brief the appellant maintains that the period of 20 years provided by law should be counted from 1906 and not from 1923, since the entries of 1923 derive from the record of 1906.

We have not had the benefit of a brief from the registrar explaining his decision. The viewpoint of the appellant seems to be just and logical, especially if we consider the spirit of Act No. 12 of 1923, as amended in 1924 (Act No. 12 of 1924, Sess. Laws, p. 108).

Not only does it clearly appear that the mentions of 1923 originated in that of 1906, but also that the second entries of 1923 showing the payments of $400 and $2,100, totaling $2,500, out of the $2,800 of the deferred purchase price, originally mentioned in 1906, rest on authentic instruments executed in 1907 and in 1913. So that it has been authentically shown that from 1913, that is, for more than 20 years, there was only left an unpaid balance of $300.

This $300 balance was paid according to the instrument that gave rise to the other marginal record entry of 1923, made by virtue of a judicial judgment of 1913, as appears from the very decision appealed from.

We are not dealing, therefore, with the original mentions made in 1923, as in such case the law invoked would not be applicable, but with a mention made in 1906, and again in 1923 by virtue of instruments executed in 1907 and in 1913. Therefore, it must be concluded that the 20 years required by law for the cancellation have elapsed.

Now, this does not mean that we are holding that the appellant is right in every respect. We think that as partial cancellations amounting to $2,500 of the original mention of $2,800 appear of record, the decision appealed from is correct in this respect. The proper thing to do is to cancel the mentions as regards the balance of $300 thereby attaining the purpose of the appellant, to wit, that it should appear from the registry that their property is free from any liens that might still encumber the same because of the failure to make the deferred payments of the purchase price of the 1906 sale.

The decision appealed from must be reversed and the papers returned to the registry *a quo* for further proceedings in accordance with the contents of this decision.

Mr. Justice Córdova Dávila took no part in the decision of this case.